UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANNETTE W.,

            Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

            Defendant.

CASE NO. 3:24-CV-5368-DWC

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of the denial of her application for Supplemental Security Income (SSI) benefits. Pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and Local Rule MJR 13, the parties have consented to proceed before the undersigned. After considering the record, the Court finds no reversable error and affirms the Commissioner's decision to deny benefits.

## I.  BACKGROUND

Plaintiff applied for SSI on June 21, 2017, alleging disability beginning one day earlier. Administrative Record (AR) 1042. Her requested hearing was held before an Administrative Law Judge (ALJ) in January 2020 (AR 106–45), and the ALJ issued a decision finding Plaintiff

not disabled in March 2020 (AR 16–38), which was reversed by this Court (AR 1148–62). Plaintiff subsequently filed another application for SSI and, in September 2021, Plaintiff was found disabled as of November 20, 2020. AR 1043.

On December 11, 2023, the ALJ held an additional hearing considering whether Plaintiff was disabled between her alleged onset date and November 20, 2020 (the relevant period). AR 1068–79. On January 10, 2024, the ALJ issued a decision finding Plaintiff not disabled. AR 1039–67. Plaintiff did not file exceptions with the Appeals Council, making the ALJ's decision the Commissioner's final decision subject to judicial review. *See* 20 C.F.R. § 416.1484(a). On May 22, 2024, Plaintiff filed a Complaint in this Court seeking judicial review of the ALJ's decision. Dkt. 9.

## II.  STANDARD

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of benefits if, and only if, the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## III.  DISCUSSION

In her opening brief, Plaintiff argues the ALJ erred in considering her subjective symptom testimony and several medical opinions. *See generally* Dkt. 16.[1]

**A.  Subjective Symptom Testimony**

If a claimant produces objective medical evidence of impairments and shows the impairments could reasonably be expected to produce some degree of the alleged symptoms and

---

[1] Plaintiff also contends the ALJ's RFC assessment was erroneous because it did not include limitations supported by the evidence she contends was improperly evaluated. Dkt. 16 at 17–18. Because the Court concludes the ALJ did not err in considering that evidence, the Court rejects this argument.

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 2

there is no affirmative evidence of malingering, an ALJ may reject the claimant's symptom testimony only by providing specific, clear, and convincing reasons. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1160 (9th Cir. 2008); *Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1040–41 (9th Cir. 2003).

In his January 2020 decision, the ALJ found there was affirmative evidence of malingering and this Court, in its order reviewing that decision, found this determination was supported by substantial evidence and affirmed the ALJ's credibility determination. *See* AR 1153 (citing AR 747). Here, the ALJ relied upon the same evidence in discounting Plaintiff's testimony. *See* AR 1049–50. The law of the case doctrine "generally prohibits a court from considering an issue that has already been decided by that same court or a higher court in the same case." *Stacy v. Colvin*, 825 F.3d 563, 567 (9th Cir. 2016) (citation omitted). The Court therefore declines to reconsider its previous determination.

Evidence of malingering is sufficient to reject Plaintiff's testimony. *See Benton*, 331 F.3d at 1040–41 ("The ALJ could then reject her testimony only upon (1) finding evidence of malingering, or (2) expressing clear and convincing reasons . . . .");[2] *see also Mohammad v. Colvin*, 595 F. App'x 696, 697–98 (9th Cir. 2014) (unpublished) ("Evidence of malingering is also sufficient to support a negative credibility finding . . . .") (citing *Benton*, 331 F.3d at 1040–41); *Baghoomian v. Astrue*, 319 F. App'x 563, 565 (9th Cir. 2006) (unpublished) (finding of malingering "relieve[s] the ALJ from the burden of providing specific, clear, and convincing

---

[2] Plaintiff argues *Benton*'s description of the effect of such evidence was *dicta* because the Court did not find there was evidence of malingering (Dkt. 21 at 6–7), but this does not mean *Benton*'s articulation of the rule is not one the Court must follow. *See Barapind v. Enomoto*, 400 F.3d 744, 750–51 (9th Cir. 2005) (en banc) (articulation of rule "became law of the circuit, regardless of whether it was in some technical sense necessary to our disposition of the case") (cleaned up).

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 3

reasons to discount [Plaintiff's] testimony") (citing *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). Thus, the ALJ did not err in considering Plaintiff's subjective symptom testimony.

**B.     Medical Opinions**

Plaintiff argues the ALJ failed to properly assess the medical opinions of Paul Bartsch, MS, LPC; Robert Verwert, PhD; Philip Gibson, PhD; Masroor Munim, MD; Terilee Wingate, PhD; Kathryn Harshman, ARNP; and state non-examining consultants. Dkt. 16 at 3–14.[3]

    1.   <u>Dr. Verwert</u>

Consultative examiner Dr. Verwert submitted an opinion in October 2017. AR 475–79. The ALJ found it "somewhat persuasive" but rejected Dr. Verwert's opinion that Plaintiff cannot interact with others. *See* AR 1054.

The ALJ properly rejected this opined limitation based on its inconsistency with other evidence. The ALJ reasonably found the limitation inconsistent with treatment notes describing Plaintiff as pleasant and cooperative when interacting with providers. AR 1058. The ALJ also properly found the limitation inconsistent with evidence Plaintiff participated in activities that did require interacting with others, like attending church, going to the library and store, and living with a friend. *See* AR 1058; *Ford v. Saul*, 950 F.3d 1141, 1155 (9th Cir. 2020) ("A conflict between a treating physician's opinion and a claimant's activity level is a specific and legitimate reason for rejecting the opinion.") (citation omitted).

Finally, the ALJ properly found the opinion inconsistent with Plaintiff's own denial of such difficulties. *See* AR 1058 (citing AR 389–91); 20 C.F.R. § 404.1520c(c)(2) (consistency

---

[3] Plaintiff also summarizes some of the rest of the medical evidence but fails to raise any argument in doing so. *See* Dkt. 16 at 8–14. The Court declines to assess this evidence, as it will not consider matters that are not "specifically and distinctly" argued in the plaintiff's opening brief. *Carmickle*, 533 F.3d at 1161 n.2 (quoting *Paladin Assocs., Inc. v. Mont. Power Co.*, 328 F.3d 1145, 1164 (9th Cir. 2003)). To the extent this evidence is incorporated into other arguments made by Plaintiff, the Court addresses that evidence when addressing those arguments.

considers evidence from medical and nonmedical sources); *id.* § 404.1513(a)(4) (nonmedical source evidence includes claimants' statements).

In sum, the ALJ gave valid reasons supported by substantial evidence for discounting Dr. Verwert's opined limitation on interacting with others.

2. Mr. Bartsch

Treating provider Mr. Bartsch completed an opinion in March 2017. *See* AR 984–88. He opined Plaintiff was limited in several of her mental abilities. *See* AR 987. He opined she had poor or no ability in the areas of interacting with the general public, maintaining attendance, sustaining an ordinary routine, working in coordination with others, performing at a consistent pace, and dealing with normal work stress. *See id.*

The ALJ gave valid reasons supported by substantial evidence for rejecting this opinion. The ALJ properly found the opinion inconsistent with Plaintiff's activities. *See* AR 1055; *Ford*, 950 F.3d at 1155. For instance, the ALJ found Plaintiff's activities of using public transit, going to the store, and regularly spending time with friends and going to the library inconsistent with the extreme limitations opined in carrying a routine and interacting with others. *See* AR 1055. The ALJ also properly found Plaintiff's activities of reading and doing puzzles inconsistent with Dr. Bartsch's limitations in her mental abilities. *Id.* The ALJ also properly found Mr. Bartsch's opinion inconsistent with Plaintiff's symptom reports denying some of the symptoms Mr. Bartsch indicated she had. *Id.*; *see* 20 C.F.R. § 404.1520c(c)(2).

Additionally, the ALJ properly found Dr. Bartsch's opinion less persuasive because he did not review the longitudinal record, had been under a mistaken impression about Plaintiff's drug and alcohol usage, and was unaware of another provider's diagnosis of malingering. *See* AR 1055; *Chaudhry v. Astrue*, 688 F.3d 661, 672–73 (9th Cir. 2012) (opinion may be discounted

if based on misperception of evidence); *see* 20 C.F.R. § 1520c(c)(5) (ALJ can consider source's familiarity with evidence in claim). The ALJ properly considered Mr. Bartsch's opinion.

### 3. Dr. Gibson

State agency examiner Dr. Gibson completed an opinion in September 2021 in connection with Plaintiff's subsequent SSI application. AR 1641–45. The ALJ addressed opinions such as Dr. Gibson's rendered outside the relevant period: "The undersigned has carefully reviewed opinions after November 19, 2020. They are not persuasive of any greater limitations prior to the established onset date." AR 1055.

Dr. Gibson completed his opinion nine months after the end of the relevant period and indicated it was based on his contemporary examination and a review of records from after the relevant period. *See* AR 1641. Thus, the ALJ properly declined to consider the opinion based on his reasonable assessment that it provided little probative value about Plaintiff's functioning during the relevant period. *See Carmickle*, 533 F.3d at 1165 ("Medical opinions that predate the alleged onset of disability are of limited relevance."); *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022) ("Where the evidence is susceptible to more than one rational interpretation, the ALJ's decision must be affirmed.") (quotation omitted).

### 4. Dr. Munim, Dr. Wingate, and ARNP Harshman

Dr. Munim conducted a physical exam and noted Plaintiff's shoulder was restricted in its range of motion and that there was some weakness on the left hand. *See* AR 484–85. The ALJ found the opinion "somewhat persuasive." AR 1054. Plaintiff argues the ALJ erred by failing to include certain limitations related to Dr. Munim's findings (Dkt. 16 at 7), but this Court found in its prior determination that Dr. Munim did not assess specific limitations, and "when a doctor's opinion does not assign a specific limitation there is nothing to reject, and therefore nothing for

the ALJ to explain." AR 1158 (citing *Turner v. Comm'r of Sec. Sec. Admin.*, 613 F.3d 1217, 1223 (9th Cir. 2010)). The Court declines to reconsider this determination that Dr. Munim's opinion did not include additional limitations that the ALJ needed to address.

Dr. Wingate found evidence of malingering and concluded she could not provide an accurate functional assessment (AR 746–47), a finding the ALJ found persuasive (AR 1053). Plaintiff argues the ALJ improperly ignored Dr. Wingate's findings of impaired behavior, thought content, perception, insight, and judgment (Dkt. 16 at 7), but the Court previously rejected this argument because the ALJ reasonably found Plaintiff's malingering prevented an accurate functional limitation assessment, and therefore the abnormal results Plaintiff points to did not require further limitations in the RFC. AR 1153; *see also* 20 C.F.R. § 416.913(a)(2)–(3) (abnormal test results are other medical evidence, not a medical opinion). The Court declines to reconsider this determination.

Similarly, this Court found the ALJ gave valid reasons supported by substantial evidence for rejecting ARNP Harshman's opinion. *See* AR 1159. The ALJ relied upon the same reasons in his second decision in rejecting the same. *See* AR 1053–54. The Court declines to reconsider this determination.

5. State Non-Examining Physicians

The ALJ found the opinions of state non-examining psychologists were persuasive because they were consistent with treatment notes in the record and supported by explanations and references to objective evidence. *See* AR 1053. Plaintiff argues the ALJ erred because the opinions were inconsistent with some of the other opinions in the record. Dkt. 16 at 14. This, however, does not establish error. *See Andrews v. Shalala*, 1041 ("[T]he report of a

nonexamining, nontreating physician need not be discounted when it is not contradicted by *all other evidence* in the record.") (quotation omitted, emphasis in original).[4]

### IV.  CONCLUSION

For the foregoing reasons, the Court hereby **AFFIRMS** Defendant's decision denying benefits.

Dated this 31st day of December, 2024.

David W. Christel
United States Magistrate Judge

---

[4] Plaintiff also asserts "the ALJ's comment here indicates he failed to conduct a de novo review of the record," but Plaintiff points to no authority indicating the ALJ was required to do so. Dkt. 16 at 14. This Court's previous order did not require a *de novo* review of the evidence. *See* AR 1161–62.

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 8